**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATHAN A. MASEK, | ) | CASE NO. 1:23-cv-723 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL |
| COMMISSIONER OF SOCIAL SECURITY, | ) | ARMSTRONG |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

## I.  INTRODUCTION

This case is before me pursuant to an automatic referral under Local Rule 72.2(b).  Now pending is Plaintiff Nathan A. Masek's ("Mr. Masek") Complaint for Review of a Social Security Disability of Supplemental Security Income Decision ("Complaint," ECF No. 1.)  As discussed below, Mr. Masek failed to file his Brief on the Merits in this matter despite the Court's Order giving him additional time to do so, requiring him to file within the extended time, and warning him that his case may be dismissed with prejudice for failure to prosecute.  For the foregoing reasons, I recommend that this case be dismissed without prejudice for failure to comply with this Court's orders and for failure to prosecute.

## II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Mr. Masek filed his Complaint on April 7, 2023.  (ECF No. 1.)  On April 10, 2023, this Court issued the Magistrate Judge's Initial Order ("Initial Order," ECF No. 3.)  In relevant part, the Initial Order instructed Mr. Masek to file his brief on the merits within 45 days after the filing of the transcript. (*Id.* atPageID # 16.)  The Initial Order also provided that "[i]n the event [Mr. Masek's] brief is not filed within 45 days after the transcript (and a motion for extension has not been granted),

1

the case may be subject to dismissal for want of prosecution without further notice." (*Id.*)

The transcript was filed on June 5, 2023. (ECF No. 4.) Mr. Masek's Brief on the Merits was therefore due on July 20, 2023. Mr. Masek, however, did not file his Brief on the Merits or request an extension of time. On January 25, 2024, this Court advised Mr. Masek of this fact and ordered him to file his Brief on the Merits on or before February 23, 2024. (Non-document Order dated January 25, 2024.) Like the Initial Order, the January 25, 2024, Order warned Mr. Masek that failure to file a Brief on the Merits by February 23, 2024, could result in dismissal with prejudice for want of prosecution. (*Id.*) To date, Mr. Masek has not complied with this Court's orders to file a Brief on the Merits.

### III. THIS COURT SHOULD DISMISS THE CASE FOR FAILURE TO COMPLY WITH COURT ORDERS AND FOR FAILURE TO PROSECUTE

"A federal trial court has authority to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure because of a plaintiff's failure to prosecute his claims." *Lewis v. Eppinger,* No. 4:21-CV-412, 2023 WL 9510115, at *1 (N.D. Ohio Nov. 30, 2023), *report and recommendation adopted*, 2024 WL 416487 (N.D. Ohio Feb. 5, 2024). Specifically, Rule 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (holding the language in Rule 41(b) allowing for a party to move to dismiss for failure to prosecute did not implicitly abrogate the court's power to dismiss sua sponte).

The U.S. Supreme Court has recognized that "the power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.*; *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit

2

for failure to prosecute.") (citing *Link,* 370 U.S. at 629-30); *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (recognizing that "[u]nder the Federal Rules of Civil Procedure, Rule 41(b), the district court has the authority to dismiss a case for failure to prosecute," and the appropriate standard of review is abuse of discretion); *see also Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (citation omitted) (noting that dismissal of claims for failure to prosecute was "available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties," after certain plaintiffs failed to respond to a court order requiring filing status information).

In determining whether a case should be dismissed for failure to prosecute under Rule 41(b), the Sixth Circuit has held that a court should consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

Here, Mr. Masek is at fault for not complying with the Court's Initial Order, as well as the January 25, 2024, Order giving him a second opportunity for compliance. In fact, Mr. Masek appears to have abandoned the case. *See Rivera v. Comm'r of Soc. Sec.,* No. 4:16CV2316, 2017 WL 1683660, at *1 (N.D. Ohio April 11, 2017), *report and recommendation adopted*, 2017 WL 1649825 (N.D. Ohio May 2, 2017) (dismissing case without prejudice when plaintiff failed to comply with the initial scheduling order to file a Brief on the Merits, as well as a second court order providing an opportunity for compliance). As discussed below, a review of these factors leads to the conclusion that dismissal without prejudice is appropriate in this case.

As to the second factor, "there is no great prejudice to the Commissioner, other than having

3

to file the administrative record unnecessarily." *Rivera,* 2017 WL 1683660, at *1.

As to the third and fourth factors, Mr. Masek was explicitly warned in the Initial Order and in the January 25, 2024, Order that failure to file his Brief on the Merits may result in dismissal with prejudice. Dismissal is an appropriate sanction for Mr. Masek's failure to comply with Court orders and apparent abandonment of his case because he has not responded to this Court's attempts to impose a less severe sanction, *i.e.,* permission to file his brief on the merits *more than eight months late. See Rivera,* 2017 WL 1683660, at *1; *Addair v. Comm'r of Soc. Sec.*, No. 1:13CV1603, 2014 WL 810824 at *1–*2 (N.D. Ohio Feb. 25, 2014) (dismissing case with prejudice for failure to prosecute); *Peterson v. Commissioner*, No. 12–11047, 2013 WL 1946184, at *2 (E.D. Mich. Apr. 9, 2013), *report and recommendation adopted*, 2013 WL 1943458 (dismissing case with prejudice).

Additionally, Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure authorizes courts to dismiss an action where a party fails to comply with a court order. Fed. R. Civ. P. 16(f)(1)(C) provides:

(f) Sanctions.

> (1) In General. On Motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2) (A)(ii)–(vii), if a party or its attorney:
> ...
>
> (C) fails to obey a scheduling or other pretrial order.

"Although pro se plaintiffs are held to less stringent standards than attorneys, cases filed by pro se plaintiffs may still be dismissed if the plaintiff fails to meet court orders." *Rivera,* 2017 WL 1683660, at *2 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (holding that pro se litigants are not to be accorded any special consideration when they fail to comply with straight-forward procedural requirements and deadlines)).

Here, the Initial Order advised Mr. Masek that his Brief on the Merits was to be filed within

45 days of the filing of the transcript. (ECF No. 1.) The transcript was filed on June 5, 2023. (ECF No. 5.) Therefore, Mr. Masek should have filed his Brief on the Merits by July 20, 2023.

On January 25, 2024, having not received Mr. Masek's Brief on the Merits or a motion for extension of time, this Court issued its Order directing Mr. Masek to file his Brief on the Merits on or before February 23, 2024. Mr. Masek was advised that failure to do so could result in dismissal with prejudice for want of prosecution. To date, Mr. Masek has not filed his Brief on the Merits, moved for an extension of time, or shown good cause for his inaction.

### IV. CONCLUSION

For the foregoing reasons, I RECOMMEND that this case be dismissed without prejudice for failure to comply with this Court's orders and for failure to prosecute.

Dated: February 29, 2024

*/s Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

### V. NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).